## OCEAN ACCIDENT GUARANTY CORPORATION, Limited, v. McCALL et al.

Motion No. 10024; 1289—5763.

Commission of Appeals of Texas, Section B.

Feb. 24, 1932.

For former opinion, see 45 S.W.(2d) 178, which reversed 25 S.W.(2d) 653.

Baker, Botts, Andrews & Wharton, Tom Scurry, and H. Malcolm Lovett, all of Houston, for plaintiff in error.

John D. McCall and Howth, Adams & Hart, all of Beaumont, for defendants in error.

SHORT, P. J.

In this case this section of the Commission of Appeals heretofore wrote an opinion which was adopted by the Supreme Court on the 6th day of January, 1932. In due time both the plaintiff in error and the defendants in error filed motions for rehearing. However, since the filing of these motions for a rehearing, on, to wit, the 25th day of January, 1932, all the parties have filed what is termed:

"Agreed motion to withdraw motions for rehearing Nos. 9991 and 10015 and to enter an agreed judgment appended hereto, which agreed motion, after styling the case and designating it with the proper numbers, duly authenticated by the signatures of the counsel representing the respective parties, together with the agreed judgment is as follows:

"Upon further consideration of the above cause and upon motion of defendants in error, with the consent and agreement of plaintiff in error, the opinion entered in the above cause January 6, 1932, is changed and amended in the following respects, to-wit:

"It being shown that this is a proper case, instead of remanding said cause to the District Court with instructions to it to enter judgment in conformity to instructions contained in said opinion, the court now enters the following judgment in the above number and entitled cause:

"It is therefore ordered, adjudged and decreed that the said A. McCall do have and recover of and from Ocean Accident & Guarantee Corporation, Ltd., the sum of Thirty-Eight Hundred Eighty-Five Dollars ($3,885.-00);

"And it is further ordered, adjudged and decreed that the said A. McCall do have and recover of and from the said Ocean Accident & Guarantee Corporation, Ltd., the further amount of one hundred eighty-seven (187) weekly installments of Twenty Dollars ($20.-00) each, the first of said installments being due and payable February 2, 1932, and a like installment of Twenty Dollars ($20.00) each succeeding week thereafter until the whole number of such installments shall have been paid, together with six (6) per cent. interest on each such installments after its said due date until paid;

"And it further appearing that John D. McCall and the law firm of Howth, Adams & Hart, composed of C. W. Howth, M. G. Adams and Lamar Hart, are entitled to a one-third (⅓) part of the lump sum of Thirty-Eight Hundred Eighty-Five Dollars ($3885.00) mentioned above and of each of said weekly installments above mentioned as attorney's fees (one-third of said fee being the property of the said John D. McCall and the remaining two-thirds being the property of the said Howth, Adams & Hart), the remaining two-thirds of such items being the property of and due to the said A. McCall; it is further ordered, adjudged and decreed that the parties named out of said lump sum amount and said weekly installments do have and recover of and from the said Ocean Accident & Guarantee Corporation, Ltd., in the proportions above set out.

"And it further appearing to the court from the record that the said A. McCall is entitled to recover of and from the said Ocean Accident & Guarantee Corporation, Ltd., the further sum of Five Hundred Fifteen and 50/100

Dollars ($515.50) for surgical, hospital and medical attention and medicines furnished in connection with an operation made necessary by the accident injury sustained by said A. McCall; it is further ordered, adjudged and decreed that the said A. McCall do have and recover of and from said Ocean Accident & Guarantee Corporation, Ltd., the further sum of Five Hundred Fifteen and 50/100 Dollars ($515.50) (without any interest), but as to this item of Five Hundred Fifteen and 50/100 Dollars ($515.50) no execution shall issue for the whole thereof, or any part thereof, until there shall be filed with the clerk of this court instruments from the parties, hereinafter mentioned, releasing said Ocean Accident & Guarantee Corporation, Ltd., from liability to said parties (such instruments, however, not to affect the liability of said Ocean Accident & Guarantee Corporation, Ltd., to the said A. McCall for such items); and in this connection from the record it is found and adjudged that the value of the respective services, etc., above mentioned performed by the various parties making up the total above mentioned, are as follows:

Hotel Dieu .......................... $164.50
Beaumont Medical and Surgical Clinic    37.50
    Nurse ..........................    24.00
    Nurse ..........................    24.00
Dr. H. A. Barr......................   203.00
Dr. J. G. Welch.....................    25.00
Dr. C. M. White.....................    27.50
Dr. L. H. Ledbetter.................    10.00

"The sum of said items totals as aforesaid Five Hundred Fifteen and 50/100 Dollars ($515.50), and when such releases have been filed by the parties above named (all of said parties being of Beaumont, Texas), the said A. McCall may have his execution for the total of said sum of Five Hundred Fifteen and 50/100 Dollars ($515.50), or for the total sum of the amounts represented by the releases filed in the event all of said parties do not file releases; and it is further ordered, adjudged and decreed that as to such of said items for which no such releases have been filed within sixty (60) days from the date that this judgment or opinion becomes final, that to the extent of the value or amount of such items this judgment shall become null and void by reason of the failure to file such releases as to said items, but shall as aforesaid be effective as to the amount of the value of the items for which releases are filed within said period of time;

"It is further ordered, adjudged and decreed that the final ruling, decision and award of the Industrial Accident Board of the State of Texas in this cause be and the same is hereby set aside, vacated, annulled and held for naught;

"It is further ordered, adjudged and decreed that the costs incurred in the District Court be divided equally into two parts, one of which shall be adjudged against the plaintiff in error, and the other against the defendants in error, and that all costs incurred in the Court of Civil Appeals and in the Supreme Court be and the same are hereby adjudged against the defendants in error, for which the officers of court and the respective parties may have their execution."

We have duly considered both of said motions for rehearing and also the agreed motion, and to the extent that the motions for a rehearing relate to and affect the instructions to the district court of Jefferson county, embraced in the original opinion, and only to that extent, we recommend that said motions for rehearing be granted, and in all other respects that they be denied. We also recommend that the motion of the parties to withdraw said motions for a rehearing and to enter as the judgment of the Supreme Court, that which is attached to said motion, be denied, and that so much of the original opinion as relates to the instructions to the district court of Jefferson county be withdrawn, and that, as recommended in the original opinion, the judgments of the Court of Civil Appeals and of the district court be reversed and the cause remanded to the district court of Jefferson county, with instructions to enter a judgment in accordance with the stipulations in the agreed motion hereinbefore set forth, unless the parties thereto shall mutually agree to change, modify, or abrogate the agreement set forth in said agreed motion, in which event the district court be instructed to enter a judgment in accordance with any agreement which the parties may mutually make.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court, with instructions, as recommended by the Commission.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.